UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert F. Smith, | 2:15-cv-00465-JAD-PAL |
| Petitioner | **Order Denying Motion to Strike, Denying Motions for Appointment of Counsel, and Denying all other Pending Motions as Moot** |
| v. | |
| Brian E. Williams, et al., | |
| Respondents | [ECF 9, 10, 11, 13, 19] |

Robert E. Smith brings this 28 USC § 2254 petition challenging his 2008 Nevada state court conviction and sentence for attempted murder and related charges.[1] Smith filed his petition and a motion for appointment of counsel on March 12, 2015.[2] Smith filed a first-amended petition about three weeks later.[3] On June 23, 2015, I denied Smith's motion for appointment of counsel and ordered respondents to answer Smith's first-amended petition.[4]

Since that order, Smith has filed a motion for clarification,[5] motion for answer,[6] two motions for appointment of counsel,[7] and a second-amended petition.[8] Respondents moved to strike Smith's first-amended petition,[9] and requested an extension of time to answer Smith's first-amended petition

---

[1] ECF 1-1.

[2] ECF 1, 2.

[3] ECF 5.

[4] ECF 6.

[5] ECF 9.

[6] ECF 10.

[7] ECF 11, 19.

[8] ECF 18.

[9] ECF 13.

pending a decision on their motion to strike it,[10] which I granted.[11]  I now deny respondents' motion to strike and give Smith until **May 24, 2016,** to file a third-amended petition containing all the claims he wishes to pursue in this action and all the facts supporting them.  I also deny Smith's motions for appointment of counsel and deny all other pending motions as moot.  If Smith fails to file a third-amended petition by May 24, 2016, his first-amended petition will be the operative petition in this case.

## Discussion

**A.    Motion to strike**

In his motion for clarification, Smith states that he wants the court to order respondents to respond to both his original petition and his first-amended petition.[12]  The first-amended petition is not complete in itself; it contains only two claims numbered 16 and 17, which appear to be a continuation of the first petition containing claims 1–15 (with numerous subparts).[13]  The first-amended petition also references non-existent exhibits and allegations in the original petition.

As a general rule, when a petitioner files an amended petition, the amended petition supersedes the original petition, and the original petition is treated as non-existent.[14]  Based on Smith's representations in his motion for clarification, he did not intend his first-amended petition to supersede his original petition.  In their motion to strike, respondents point out the deficiencies in Smith's first-amended petition (like citing to nonexistent exhibits and the obvious omission of claims) and suggest that Smith be instructed to file an amended petition containing all claims he wishes to pursue in this action, or be forced to proceed on only the claims and allegations contained

---

[10] ECF 12.

[11] ECF 17.

[12] ECF 9.

[13] ECF 5 (first amended petition).

[14] *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (citing *Rloux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

in the first-amended petition.[15]

I therefore give Smith until **May 24, 2016, to file a third-amended petition containing all claims that he wishes to pursue in this matter and the facts supporting them in one document.**[16] If Smith fails to file an amended petition by that deadline, this case will proceed only on the two grounds contained in his first-amended petition; no claims or allegations in Smith's original or second-amended petition will be entertained.

**B.     Motions for appointment of counsel**

In his identically worded second and third requests for counsel, Smith conclusorily alleges that "the issues in this case are complex and that [he] is unable to adequately present the claims without the assistance of counsel."[17]

There is no constitutional right to counsel for a federal habeas corpus proceeding.[18] But, the district court has discretion to appoint counsel if the "interests of justice require representation," and the court must appoint counsel if the case is so complex that denial of counsel would amount to a denial of due process, or the petitioner has such limited education that he is incapable of fairly presenting his claims.[19]

I find that both of Smith's petitions are sufficiently clear to present the issues that Smith wishes to bring and that his claims are not so complex that denial of counsel would amount to a denial of due process. Together, his petitions with exhibits total 466 pages, and Smith has filed numerous other motions for relief. In light of these facts and Smith's failure to articulate any facts

---

[15] Respondents also request that I strike Smith's first-amended petition, but because respondents agree that this will be the operative petition in this case if Smith fails to file a second-amended petition, I decline to do so.

[16] I am striking Smith's second-amended petition, filed after the briefing on respondents' motion to strike the first-amended petition was completed, from the record in this case. The second-amended petition was filed six months after this case was filed, and this order gives Smith one final chance to file a single petition containing all his claims and the facts supporting them.

[17] ECF 11, 19.

[18] *Penn. v. Finley*, 481 U.S. 551, 555 (1987).

[19] *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (1986), *cert. denied*, 481 U.S. 1023 (1987).

showing that his claims are particularly complex or that he is incapable of representing himself, his second and third motions for court-appointed counsel are denied.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Smith's motion for clarification and motion for answer **[ECF 9, 10] are DENIED** as moot.

IT IS FURTHER ORDERED that Smith's motions for appointment of counsel **[ECF 11, 19] are DENIED**.

IT IS FURTHER ORDERED that respondents' motion to strike **[ECF 13] is DENIED.**

Smith is instructed that, if he seeks to file a third-amended petition, he must file and serve it on respondents by **May 24, 2016,** and it must contain **all** legal and factual allegations supporting each ground for relief in one document.  Smith is further instructed that he must include the legal basis and the facts supporting his claims within each ground for relief.  If Smith fails to file a third-amended petition by **May 24, 2016,** the case will proceed on the claims contained in his first-amended petition [ECF 5] only; his original petition and his second-amended petition will not be entertained.

IT IS FURTHER ORDERED that if Smith fails to file a third-amended petition by May 24, 2016, respondents must respond to the first-amended petition (which has already been screened) by **July 9, 2016.**  If Smith files a third-amended petition, the court will screen it as required by Rule 4 of the Rules Governing section 2254 cases, and, if necessary, set a response deadline.

The Clerk of Court is instructed to **STRIKE** Smith's unauthorized second-amended petition **[ECF 18]** from the record in this case.

March 24, 2016

_____
Jennifer A. Dorsey
United States District Judge