1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Robert Fitzgerald Smith,

    Petitioner

v.

Brian E. Williams, et al.,

    Respondents

**2:15-cv-00465-JAD-PAL**

**Order Screening Petition and Directing Response**

Section 2254 petitioner Robert Fitzgerald Smith brings this action to challenge his Nevada state court conviction and sentence for attempted murder with use of a deadly weapon. I now screen Smith's third-amended petition, dismiss multiple grounds, and order respondents to respond to the remaining grounds by July 21, 2016.

**Discussion**

After Smith omitted most of his grounds for relief from his first-and second-amended habeas petition, I gave him one last chance to file an amended petition complete in itself, containing all of his grounds for relief and the facts supporting them without reference to prior petitions.[1] Smith's third-amended petition contains 26 grounds for relief: 1, 2, 2(B), 2(C), 3, 4, 4(B), 5, 5(B), 5(C), 5,(D), 5(E) 6 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19. Construed liberally, ground 18 contains 2 grounds for relief, and ground 19 contains 3.

**A.    Grounds to be dismissed**

In Ground 2(B), Smith claims that his appellate counsel was ineffective for failing to raise ineffective-assistance-of-trial-counsel claims on direct appeal. In Nevada, claims of ineffective assistance of counsel must be raised in a post-conviction habeas corpus petition and are not cognizable on direct appeal.[2] Appellate counsel was therefore not ineffective for failing to raise

---

[1] ECF No. 20.

[2] *See Gibbons v. State*, 634 P.2d 1214, 1216 (Nev. 1981).

these claims on direct appeal, so ground 2(B) is dismissed.

In ground 2(C) Smith claims that his appellate counsel had a conflict of interest because both his trial and appellate counsel worked for the Clark County Public Defender.  Smith does not explain how their employment in the same office caused a conflict of interest.  The only possible conflict of interest would be appellate counsel's failure to challenge the effectiveness of trial counsel, but, as explained above, ineffective-assistance-of-counsel claims cannot be raised on direct appeal.  Accordingly, ground 2(C) is also dismissed.

Ground 5 is a claim that the trial court erred in admitting testimony of a jailhouse informant.  Because this ground is redundant to the better-pleaded ground 12, I dismiss it.[3]

In ground 15, Smith claims that his post-conviction counsel was ineffective for failing to raise an issue about the late disclosure of a rebuttal prosecution witness.  Because there is no right to effective assistance of counsel in state post-conviction habeas proceedings,[4] ground 15 is also dismissed.

Smith next claims that the state district court erred when it determined that he received effective assistance of counsel.  "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."[5]  Accordingly, ground 16 is also dismissed.

Ground 18 is styled as a single claim of ineffective assistance of post-conviction counsel.  But liberally construed, ground 18 contains two separate claims: (1) ineffective assistance of trial counsel for failing to object to the prosecutor's comments on Smith's decision not to testify; and (2) ineffective assistance of post-conviction counsel for failing to raise an ineffective-assistance-of-trial-counsel claim based on trial counsel's failure to object to those comments.  The second portion of

---

[3]  Grounds 5(B), 5(C), 5(D), and 5(E) will proceed.

[4]  *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).  Ineffective assistance of counsel in the initial state post-conviction proceedings may be cause to excuse the procedural default of a claim of ineffective assistance of trial or appellate counsel.  *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012); *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013).  Nonetheless, there is no constitutional right to effective assistance of counsel in state post-conviction proceedings.

[5]  *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997).

this claim fails because, as explained above, Smith has no constitutional right to effective assistance of post-conviction counsel.[6]  However, respondents will need to respond to the first half of this claim that Smith's trial counsel was ineffective for failing to object to the prosecutor's comments.

Ground 19 is also styled as a single ineffective-assistance-of-counsel claim.  But liberally construed, ground 19 presents three separate ineffective-assistance-of-counsel claims: (1) ineffective assistance of trial counsel for failing to object to the prosecutor's comments on Smith's decision not to testify, (2) ineffective assistance of appellate counsel for failing to raise an ineffective-assistance-of-trial-counsel-claim for failure to object to those comments, and (3) ineffective-assistance-of-post-conviction-counsel for failing to raise an ineffective-assistance-of-appellate counsel in Smith's state habeas action.  The first claim is redundant to ground 18.  The second claim fails because ineffective-assistance-of-trial-counsel claims cannot be raised on direct appeal in Nevada.[7]  Finally, the third claim lacks merit because Smith has no constitutional right to effective assistance of post-conviction counsel.[8]  I therefore dismiss ground 19 in its entirety.

**B.      All other grounds may proceed**

Grounds 5(E), 8, 9, 10, 11, 13, 14, and 17 incorporate arguments by reference to fast-track statements filed on direct appeal and in Smith's appeal from the denial of his state habeas petition.[9]  For these grounds, the references to the fast-track statements are specific, and the arguments in the fast-track statements are sufficient for respondents to file a response.

Grounds 3, 4, 4(B), 5(B), 5(C), 5(D), 6, and 7 incorporate claims by reference to Smith's state habeas petition, of which Smith attaches only the first few pages.  In other circumstances, I would require Smith to file a fourth-amended petition attaching these documents.  However, Smith's statements regarding the presentation of these grounds to the state courts and the copies of the fast-

---

[6] *Coleman*, 501 U.S. at 752.

[7] *Gibbons*, 634 P.2d at 1216

[8] *Coleman*, 501 U.S. at 752.

[9] Ground 12 also incorporates by reference, but it is pleaded sufficiently in the body of the petition itself.

track statements that have been filed appear to indicate that Smith has not presented these grounds to the Nevada Supreme Court.  Thus, these grounds appear to be unexhausted under 28 U.S.C. § 2254(b), and respondents can raise that argument in their response.  Finally, grounds 1, 2, and 12 contain sufficient factual allegations and warrant a response.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **grounds 2(B), 2(C), 5, 15, 16, and 19 are DISMISSED in their entirety, and the ineffective-assistance-of-post-conviction-counsel claim in ground 18 is DISMISSED.  This action will proceed on grounds 1, 2, 3, 4, 4(B), 5(B), 5(C), 5(D), 5(E), 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, and on the ineffective-assistance-of-trial counsel claim in ground 18.**

Respondents must answer or otherwise respond to Smith's third-amended petition by **July 21, 2016.**  Respondents must raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default.  Successive motions to dismiss will not be entertained.  If respondents file an answer, the answer must comply with Rule 5 of the Rules governing section 2254 cases in the United States district courts.  Smith will have 45 days from receipt of respondents' answer to file his reply.

Dated June 6, 2016

_____
Jennifer A. Dorsey
United States District Judge