UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Fitzgerald Smith,<br><br>    Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>    Respondents | 2:15-cv-00465-JAD-PAL<br><br>**Order Granting in Part and Denying in Part Motion for Enlargment of Time and Denying Ex Parte Motion for Appointment of Counsel**<br><br>[ECF Nos. 37, 38] |

Section 2254 petitioner Robert Fitzgerald Smith requests a second extension of time to respond to respondents' motion to dismiss.[1]  He explains that he needs additional time to obtain medical records, police reports, police statements, crime-scene reports, police photographs, 911 recordings, witness statements, a statement of a bed-side interview, and a letter from an informant to properly respond to respondents' dismissal challenge.  Smith is incorrect.  Respondents argue in their dismissal motion that the bulk of Smith's claims are unexhausted, and the evidence Smith seeks is irrelevant to their exhaustion argument.

Respondents do argue that Smith is presenting different facts in ground 6—a claim that the evidence was insufficient to sustain the conviction, and in ground 12—a claim in part that the trial court erred in admitting into evidence a letter from a jailhouse informant.  But Smith does not need the actual records or letter to argue that he exhausted these claims and the facts supporting them.  To show exhaustion, he must show that he alerted the Nevada Supreme Court to these facts in his appellate briefs.  Smith can do that simply by reading the appellate briefs, which the respondents have provided in their exhibits to the dismissal motion.  The four-month extension that Smith requests is unnecessary for the completion of this task.  I therefore grant in part and deny in part Smith's motion and give him only until **November 5, 2016**, to file his response.

Smith has also filed an ex parte motion for appointment of counsel.  But Smith provides no

---

[1] ECF No. 23.

new argument that would cause me to reconsider and reverse my previous ruling denying his request for counsel, so I deny the motion.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Smith's motion for enlargement of time **[ECF No. 37] is GRANTED in part and DENIED in part: Smith's response is due by November 5, 2016.**

IT IS FURTHER ORDERED that Smith's ex parte motion for appointment of counsel **[ECF No. 38] is DENIED.**

Dated this 5th day of October, 2016

_____
Jennifer A. Dorsey
United States District Judge