UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Robert Fitzgerald Smith,

    Petitioner

v.

Brian Williams, et al.,

    Respondents

2:15-cv-00465-JAD-PAL

**Order Granting in Part and Denying in Part Motion to Dismiss and Denying without Prejudice Motion to Stay**

[ECF Nos. 23, 42]

    Pro se Nevada state-prison inmate Robert Fitzgerald Smith brings this § 2554 petition to challenge his state-court conviction and sentence for attempted murder with use of a deadly weapon. Respondents move to dismiss Smith's remaining grounds, and Smith moves to stay these proceedings. I grant in part and deny in part respondents' motion to dismiss, deny without prejudice Smith's motion to stay, and give Smith until **February 11, 2017**, to notify the court how he wishes to proceed with this case.

## Background

    In April 2008, Smith was convicted by a jury in Nevada's Eighth Judicial District Court of one count of attempted murder with use of a deadly weapon.[1] Smith appealed, and the Nevada Supreme Court affirmed.[2] Smith then filed a state habeas petition,[3] which the state district court denied,[4] and the Nevada Supreme Court affirmed.[5] Smith then filed this federal habeas action.

    On June 6, 2016, I screened Smith's third-amended petition, dismissed grounds 2(B), 2(C), 5,

---

[1] ECF No. 26-19.

[2] ECF No. 27-7.

[3] ECF Nos. 27-9; 27-10.

[4] ECF No. 28-22.

[5] ECF No. 29-16.

15, 16, and 19 and the ineffective-assistance-of-post-conviction-counsel claim in ground 18, and directed respondents to file a response to the remaining claims.[6] Respondents now move to dismiss Smith's remaining claims, and Smith has filed a motion to stay these proceedings.

### Discussion

**A.     Exhaustion under 28 USC § 2254**

A federal habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal court.[7] The exhaustion requirement ensures that the state courts will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.[8] To satisfy the exhaustion requirement, a petitioner must fairly present his claims to the state's highest court.[9] Fair presentation requires that a petitioner (1) identify the federal legal basis for his claims and (2) state the facts entitling him to relief on those claims.[10] A petitioner must alert the state court to the fact that he is asserting a federal claim;[11] mere similarity between a state-law claim and a federal-law claim is insufficient.[12]

Respondents argue that grounds 1, 2, 3, 4, 4(B), 5(B), 5(C), 5(D), 5(E), 5, 7, 10, 11, 12, 13, and 18 are not exhausted.[13] Smith agrees.[14] He requests a stay of this action so that he can return to state court to exhaust these unexhausted grounds.

---

[6] ECF No. 22.

[7] 28 U.S.C. § 2254(b)(1)(A).

[8] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[9] *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[10] *See Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[11] *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

[12] *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

[13] ECF No. 23 at 8–12.

[14] ECF No. 42 at 3.

**B.     Smith's petition contains unexhausted claims, and he has not shown that he is entitled to a *Rhines* stay.**

As the United States Supreme Court explained in *Rhines v. Weber*, stay and abeyance should be available "only in limited circumstances."[15] Smith must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious," and he has not "engaged in intentionally dilatory litigation tactics."[16] Smith argues that he has good cause for his failure to exhaust the challenged grounds because appellate post-conviction counsel failed to present them to the Nevada Supreme Court.[17] He does not address the other two *Rhines* requirements.

In *Martinez v. Ryan*, the United States Supreme Court held that the failure of an ineffective counsel or pro se petitioner to raise, in a state-court initial-review collateral proceeding, a claim of ineffective assistance of trial counsel can establish good cause to excuse a state-court procedural default.[18] In *Ha Van Nguyen v. Curry*, the Ninth Circuit extended the *Martinez* rule to include procedurally defaulted claims of ineffective assistance of counsel on direct appeal.[19] One year later, the Ninth Circuit panel in *Blake v. Baker* held that the *Rhines* standard for IAC-based cause is not "any more demanding than a showing of cause under *Martinez* to excuse state procedural default,"[20] and that state post-conviction IAC can also satisfy the *Rhines* good-cause standard.[21]

Unlike these cases in which initial-review state post-conviction IAC established good cause, Smith relies on *appellate* state post-conviction IAC to establish good cause. Neither the Ninth Circuit nor the United States Supreme Court has held that *appellate* state post-conviction IAC can

---

[15] *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

[16] *Id.* at 278.

[17] ECF No. 41 at 3.

[18] *Martinez v. Ryan,* 132 S. Ct. 1309 (2012).

[19] *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013).

[20] *Blake v. Baker*, 745 F.3d 977, 984 (9th Cir. 2014).

[21] *Id.*

establish good cause. Even if *Martinez* or *Curry* applied, they would provide good cause for Smith's failure to exhaust his IAC claims only; these cases have no applicability to claims alleging error by the trial court, and the bulk of Smith's unexhausted claims are not IAC claims. For example, Smith does not address good cause for his failure to exhaust grounds 10, 11, 12, and 13—which allege various trial-court errors—and which are unexhausted because they were presented in state court only as issues of state law.[22] I therefore grant in part and deny in part respondents' dismissal motion and deny without prejudice Smith's request for a stay. Because I agree with respondents' exhaustion arguments, I decline to address the remaining arguments raised in their dismissal motion at this time.

**C.     Because this is a mixed petition, Smith must advise the court how he wants to proceed.**

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state-court remedies for all claims in the petition.[23] A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.[24] Because Smith's petition is mixed, he now has three options:

1. Submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only;

2. Submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. File a motion asking the court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.[25]

As to the third option, Smith is cautioned that a stay and abeyance is available only in limited

---

[22] *See Henry*, 513 U.S. at 366; *see also Zenon*, 88 F.3d at 830. Ground 12 is also unexhausted because Smith alleges new facts to support it that he did not raise in state court.

[23] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[24] *Id.*

[25] *See Lundy*, 455 U.S. at 510; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

circumstances. If Smith chooses to file a motion for stay and abeyance, he must keep the above standards in mind.

**If Smith fails to choose one of these three options or seek other appropriate relief by February 11, 2017, his federal habeas petition will be dismissed without prejudice as a mixed petition.**

### Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that respondents' motion to dismiss **[ECF No. 6] is GRANTED in part and DENIED in part.**

IT IS FURTHER ORDERED that **Smith must notify the court how he wishes to proceed with this action by February 11, 2017. He must do so in one of three ways:**

1. Submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only;
2. Submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
3. File a motion asking the court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

**If Smith does nottake one of these three actions by this date or request other appropriate relief, this case will be dismissed without prejudice and without further notice.**

IT IS FURTHER ORDERED that if Smith elects to abandon the unexhausted grounds and proceed on the remaining grounds, respondents must file and serve an answer that complies with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within 45 days of service Smith's declaration. Smith will then have 45 days from service of the answer to file a reply.

**IT IS FURTHER ORDERED** that Smith's motion to stay [ECF No. 41] is **DENIED without prejudice.**

Dated this 11th day of January, 2017.

_____
Jennifer A. Dorsey
United States District Judge