# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Robert Fitzgerald Smith, | 2:15-cv-00465-JAD-PAL |
| Petitioner | **Order Denying Stay** |
| v. | [ECF No. 44] |
| Brian E. Williams, et al., | |
| Respondents | |

I previously granted respondents' motion to dismiss, finding that Smith had not exhausted his available state-court remedies for grounds 1, 2, 3, 4, 4(B), 5(B), 5(C), 5(D), 5(E), 6, 7, 10, 11, 12, 13, and 18.[1] Smith did not dispute that he had not exhausted those grounds. He asked me to stay the action while he returned to state court.[2] I denied Smith's request because he did not show that he had "good cause for his failure to exhaust," that "his unexhausted claims are potentially meritorious," and that he had not "engaged in intentionally dilatory litigation tactics" as required by *Rhines v. Weber*.[3] I gave Smith three options: (1) he could voluntarily abandon the unexhausted claims; (2) he could return to state court, and the court would deny the petition without prejudice; or (3) he could move to hold the exhausted claims in abeyance while he returned to state court.[4] I advised Smith that if he moved to stay the action, he must satisfy the *Rhines* test.[5]

---

[1] ECF No. 43 at 2.

[2] ECF No. 41.

[3] *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); ECF No. 43 at 3–4.

[4] ECF No. 43 at 4.

[5] *Id.* at 4–5.

With this motion,[6] Smith chooses the third option, but he does not discuss the *Rhines* standards, and he does not amend his complaint to dismiss the unexhausted claims so that I may stay the exhausted claims as suggested in *Kelly v. Small*.[7] Under these circumstances, I cannot issue a stay.

I did not direct Smith to designate an alternative choice if a stay is denied, and he did not provide one. I cannot assume how he would want to resolve this matter. If I dismissed the unexhausted grounds and issued a ruling on the merits of the exhausted grounds, then Smith likely would be prevented from litigating his unexhausted grounds in federal court.[8] If I dismissed this action so that Smith could return to state court, he would face state-law procedural bars filing an untimely and a successive petition, and then he would also face the federal statute of limitations if he commenced a new habeas corpus action in this court.[9] Either way, he faces consequences that are not favorable to him. Smith needs to decide for himself what to do.

Accordingly, IT IS THEREFORE ORDERED that Smith's motion for stay and abeyance **[ECF No. 44] is DENIED**.

IT IS FURTHER ORDERED that **Smith has until October 26, 2017** to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss the unexhausted grounds of his third amended petition and proceed only on the remaining grounds for relief; or (2) inform this court in a sworn declaration that he wishes to dismiss this action to return to state court to exhaust his state remedies with respect to the claims set out in the unexhausted grounds. These are the only two options that I will now consider. Failure to do one of these two things will result in the dismissal of this action without further prior notice.

IT IS FURTHER ORDERED that if Smith elects to dismiss the unexhausted grounds of

---

[6] ECF No. 44.

[7] *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), as reaffirmed by *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

[8] *See* 28 U.S.C. § 2244(b).

[9] *See* Nev. Rev. Stat. §§ 34.726, 34.810; 28 U.S.C. § 2244(d).

his third amended petition and proceed on the remaining grounds, respondents must file and serve an answer that must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within 45 days after Smith serves his declaration dismissing those grounds. Smith will have 45 days from the date on which the answer is served to file and serve a reply.

DATED: September 26, 2017.

_____
Jennifer A. Dorsey
United States District Judge